664 A.2d 936

## IN THE MATTER OF SHIRLEY LORRAINE WATERS, A/K/A SHIRLEY WATERS–CATO, AN ATTORNEY AT LAW.

October 5, 1995.

## ORDER

The Disciplinary Review Board having filed a report with the Court on August 4, 1995, concluding that **SHIRLEY LORRAINE WATERS, a/k/a SHIRLEY WATERS–CATO, of ORANGE,** who was admitted to the bar of this State in 1977, and who was thereafter temporarily suspended from the practice of law by Order of this Court dated April 4, 1995, and who remains suspended at this time, should be suspended from the practice of law for a period of one year retroactive to April 4, 1995, for violations of *RPC* 1.1(a) and (b) (gross neglect and pattern of neglect), *RPC* 4.1(a)(1) and (2) (knowingly making a false statement and failing to disclose a necessary material fact), *RPC* 8.1(b) (failure to cooperate with the ethics authorities), *RPC* 8.4(c) (misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board further concluding that respondent should (1) be evaluated by a psychiatrist during the term of suspension to determine whether respondent requires therapy; (2) receive any therapy found warranted; (3) submit psychiatric proof of her fitness to practice law prior to reinstatement; and (4) practice under the supervision of a practicing attorney for a period of two years;

And good cause appearing;

It is ORDERED that **SHIRLEY LORRAINE WATERS, a/k/a SHIRLEY WATERS–CATO,** is hereby suspended from the practice of law for a period of one year, the suspension to be retroactive to April 4, 1995, and until the further Order of the Court; and it is further

ORDERED that respondent be evaluated by a psychiatrist approved by the Office of Attorney Ethics to determine whether therapy is required, and that respondent receive therapy if it is found to be warranted; and it is further

ORDERED that respondent submit psychiatric proof of her fitness to practice law prior to applying for reinstatement; and it is further

ORDERED that on reinstatement, respondent practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until further Order; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of her suspension and that she comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.